RECEIPT # 51940
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. pm
DATE 11-21-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES HUXLEY,
        Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, a/k/a AMTRAK,
        Defendant.

CIVIL ACTION NO.

03 12352 GAO

## COMPLAINT AND JURY DEMAND

MAGISTRATE JUDGE Cohen

### INTRODUCTION

1. This is a complaint under the Federal Employer's Liability Act for personal injuries sustained by the Plaintiff while he was employed by the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq.

### PARTIES

3. The Plaintiff, James Huxley, is a resident of Mashpee, Massachusetts and brings this action pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq. for personal injuries which occurred while he was employed by the Defendant.

4. The Defendant, National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak") is a

railroad corporation duly established by law and having a usual place of business in Boston, Massachusetts and having it's principal office at 60 Massachusetts Avenue, N.W. Washington, D.C.

## COUNT I

5. Plaintiff repeats and realleges the allegations contained in paragraphs 1-4 of this Complaint.

6. During all times herein mentioned Amtrak was a common carrier, engaged in the business of interstate commerce and, as such, operated a railroad in such business between Boston Massachusetts and Washington D.C.

7. At the time the Plaintiff received the injuries complained or, both he and Amtrak were engaged in interstate commerce within the meaning of the Federal Employer's Liability Act.

8. On or about December 5, 2000, Amtrak, acting through its agents, servants and/or employees, negligently required the Plaintiff to perform certain work under unsafe conditions in Boston, Massachusetts. Specifically, Plaintiff was negligently exposed to a dangerous tripping hazard in Defendant's walkway along tracks within the Tower 1 Interlocking. The dangerous condition resulted from a section of "rebar" negligently being placed and allowed to remain protruding from the walkway upwards to about 6" by Defendant in an area where Defendant knew or should have known workers including Plaintiff were likely to walk and work.

9. As a result of Amtrak's negligence, Plaintiff tripped, fell and was injured.

10. As a result of the negligence of Amtrak and its failure to provide a safe work place, the Plaintiff was made sick, sore, lame and has suffered great pain of body, anguish of mind and will continue to suffer for an indeterminate period of time in the future.

11. Prior to said injuries, Plaintiff was capable of earning and actually earning the wages of a signal foreman employed by Amtrak.

12. As a result of said injures, Plaintiff has been incapacitated and prevented from engaging in his employment, and that the Plaintiff will continue to be physically incapacitated in the future.

13. The Plaintiff has been and will likely be caused to incur expenses for doctors, hospital services and for medicine in caring for said injuries.

WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.**

Respectfully Submitted,
JAMES HUXLEY,
By his attorneys,

_____
Michael J. McDevitt (BBO#: 564720)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

_____
Diane M. Shields (BBO#: 550334)
Attorney At Law
1245 Hancock Street, Suite 9
Quincy, MA 02169
(617) 773-5755

Dated: