UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES HUXLEY,<br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, a/k/a/ AMTRAK,<br>    Defendant. | DOCKET NO: 03-12352 GAO |

### ANSWER, AFFIRMATIVE DEFENSES AND
### JURY CLAIM OF THE DEFENDANT, NATIONAL RAILROAD PASSENGER
### CORPORATION, a/k/a AMTRAK

Now comes the defendant, National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), and hereby responds to the plaintiff's Complaint, as follows.

### FIRST DEFENSE

The defendant, National Railroad Passenger Corporation, a/k/a Amtrak, states that the plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The defendant, National Railroad Passenger Corporation, a/k/a Amtrak, responds to the plaintiff's Complaint paragraph by paragraph as follows:

### INTRODUCTION

1. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations contained in this paragraph.

### JURISDICTION

2. The allegations contained in this paragraph set forth a legal conclusion to which no response is required.

## PARTIES

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant admits the allegations contained in this paragraph.

## COUNT I

5. The defendant repeats and reaffirms his responses to paragraphs 1-4 of this Complaint as if fully set forth herein.

6. The defendant admits the allegations contained in this paragraph.

7. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations and calls upon the plaintiff to prove same.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent that a response is required, the defendant denies the allegations and calls upon the plaintiff to prove same.

12. The defendant denies the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

## THIRD AFFIRMATIVE DEFENSE

This defendant denies each and every allegation of the plaintiff's complaint except as specifically admitted above.

## FOURTH AFFIRMATIVE DEFENSE

The defendant is guilty of no negligence.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the injuries or damage alleged were caused in whole or in part by the negligence of the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff cannot recover for the reason that he failed to give due notice of the damage to the defendant as required by law and the defendant was prejudiced thereby.

### EIGHTH AFFIRMATIVE DEFENSE

This defendant states that if the plaintiff proves that he was injured as alleged, said injuries were caused by the intervening and/or superceding acts of third persons for which this defendant is not liable.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff was guilty of contributory or comparative negligence.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff was guilty of contributory or comparative negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff, as per 45 U.S.C. § 53.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to relief under The Federal Employers' Liability Act, The Federal Safety Appliance Act, or The Federal Boiler Inspection Act.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that this court lacks subject matter jurisdiction.

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that venue is improper.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the applicable statute of limitations has expired.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's state law counts are barred, superceded, and/or preempted by operation of federal statue, namely 45 U.S.C. § 51, et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the subject accident was not the legal of factual cause of plaintiff's alleged injuries, and that all plaintiff's allege injuries predated the alleged accident.

WHEREFORE, the defendant, National Railroad Passenger Corporation a/k/a Amtrak, demands that the Complaint be dismissed and judgment entered in its favor with the costs and disbursements of this action.

## JURY CLAIM

The defendant, National Railroad Passenger Corporation a/k/a Amtrak, demands a trial by jury as to all issues.

Respectfully submitted,
The defendant,
National Railroad Passenger Corporation,
a/k/a Amtrak,
By its attorneys,

_____
Thomas C. Federico, BBO # 160830
Philip M. Hirshberg, BBO # 567230
MORRISON, MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500

## CERTIFICATE OF SERVICE

I hereby certify that on 16 March 2004, I served a true copy of the above document, by first class mail, postage prepaid, in compliance with the Federal Rules of Civil Procedure upon the following attorney of record:

Michael J. McDevitt, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

Diane M. Shields, Esquire
1245 Hancock Street, Suite 9
Quincy, MA 02169

Philip M. Hirshberg